# EXHIBIT A

MIN: [redacted] Loan Number: [redacted]

# NOTE

FHA Case No.
[redacted]

SEPTEMBER 3, 2010 WARMINSTER PENNSYLVANIA
[Date] [City] [State]

428 Oakwood Drive, Whitehall, Pennsylvania 18052
[Property Address]

## 1. PARTIES

**"Borrower"** means each person signing at the end of this Note, and the person's successors and assigns. **"Lender"** means CARDINAL FINANCIAL COMPANY, L.P. and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of ONE HUNDRED SIXTY-FIVE THOUSAND SIX HUNDRED SIXTY-EIGHT AND 00/100 **Dollars (U.S. $** 165,668.00 ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of FOUR AND 875/1000 percent ( 4.875 %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

**(A) Time**

Borrower shall make a payment of principal and interest to Lender on the 1st day of each month beginning on NOVEMBER 1, 2010 . Any principal and interest remaining on the 1st day of OCTOBER, 2040 , will be due on that date, which is called the "Maturity Date."

**(B) Place**

Payment shall be made at 444 JACKSONVILLE RD, WARMINSTER, PENNSYLVANIA 18974 , or at such other place as Lender may designate in writing by notice to Borrower.

**(C) Amount**

Each monthly payment of principal and interest will be in the amount of U.S. $ 876.73 . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

**(D) Allonge to this Note for Payment Adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note.



[redacted]

(Check applicable box.)

- ☐ Growing Equity Allonge
- ☐ Graduated Payment Allonge
- ☐ Other [specify]:

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

**(A) Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR AND 000/1000 percent ( 4.000 %) of the overdue amount of each payment.

**(B) Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances, regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the Property Address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by delivering it or by mailing it by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in



[redacted]

this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

| | |
|---|---|
| _______________ (Seal)<br>Orlando Perez -Borrower | _______________ (Seal)<br>-Borrower |
| _______________ (Seal)<br>-Borrower | _______________ (Seal)<br>-Borrower |
| _______________ (Seal)<br>-Borrower | _______________ (Seal)<br>-Borrower |

WITHOUT RECOURSE PAY TO THE ORDER OF
Wells Fargo Bank N.A.

CARDINAL FINANCIAL COMPANY, L.P.
By: _______________
COLLEEN S. MARKS, ASS'T. VICE PRESIDENT

*[Sign Original Only]*



[redacted]

WITHOUT RECOURSE
PAY TO THE ORDER OF
~~WELLS FARGO BANK, N.A.~~ [crossed out marking over payee]
WELLS FARGO BANK, N.A.
By _______________
Scott M. Swanson
Assistant Vice President

Secretary of Housing and Urban Development of Washington, D.C., and his/her successors and assigns

BAYVIEW LOAN #[redacted]

ALTERNATE LOAN #[redacted]

# ALLONGE TO NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE NOTE REFERRED TO BELOW:

BORROWER: ORLANDO PEREZ

NOTE DATE: 9/3/2010

ORIGINAL PRINCIPAL BALANCE: $165,668.00

PAY TO THE ORDER OF: BAYVIEW ACQUISITIONS LLC

WITHOUT RECOURSE

SECRETARY OF HOUSING AND URBAN DEVELOPMENT

By Bayview Loan Servicing, LLC, its Attorney in Fact

BY:____________________

NAME: DAVID BRIGGS
TITLE: FIRST VICE PRESIDENT

PAY TO THE ORDER OF: BAYVIEW LOAN SERVICING, LLC

WITHOUT RECOURSE

BAYVIEW ACQUISITIONS LLC

BY:____________________

NAME: DAVID BRIGGS
TITLE: FIRST VICE PRESIDENT

PAY TO THE ORDER OF:

WITHOUT RECOURSE

BAYVIEW LOAN SERVICING, LLC

BY:____________________

NAME: DAVID BRIGGS
TITLE: FIRST VICE PRESIDENT

# EXHIBIT B

[redacted]

***ANDREA E. NAUGLE***
***LEHIGH COUNTY CLERK OF JUDICIAL RECORDS***

**Recorder of Deeds Division**
**Deborah A. Casciotti, Chief Deputy**
**Lehigh County Government Center**
**17 S. Seventh Street - Room 350**
**Allentown, PA 18101-2400**
**610-782-3162**

*RETURN DOCUMENT TO:
EDWARD L REDDING
548 N NEW STREET
BETHLEHEM, PA 18018

**Instrument Number - 2010028964**
Recorded On 9/8/2010 At 2:18:15 PM
* Instrument Type - MORTGAGE
Invoice Number [redacted] User ID: [redacted] ***Total Pages - 13**
* Mortgagor - PEREZ, ORLANDO
* Mortgagee - MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
* Customer - EDWARD L REDDING

* FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| STATE JCS | $23.50 |
| RECORDING FEES | $29.00 |
| AFFORDABLE HOUSING | $11.50 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| UPI CERTIFICATION FEES | $10.00 |
| TOTAL PAID | $79.50 |

I hereby CERTIFY that this document is
Recorded in the Recorder of Deeds Office
of Lehigh County, Pennsylvania

RECORDER OF DEEDS OF LEHIGH COUNTY PENNSYLVANIA

Andrea E. Naugle
Andrea E. Naugle
Clerk of Judicial Records
Recorder of Deeds Division

THIS IS A CERTIFICATION PAGE

# Do Not Detach

THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

[redacted]

INSTRUMENT NUMBER - **2010028964**

RECORDED
09/08/2010 2:18:15 PM
RECORDER OF DEEDS
LEHIGH COUNTY
PENNSYLVANIA
Inst Num: 2010028964

This Instrument Prepared By:
CARDINAL FINANCIAL COMPANY, L.P.
444 JACKSONVILLE RD
WARMINSTER, PA 18974
(800)327-0969

After Recording Return To:
CARDINAL FINANCIAL COMPANY, L.P.
444 JACKSONVILLE RD
WARMINSTER, PENNSYLVANIA 18974
Loan Number: [redacted]

Uniform Parcel Identifier Number:
[redacted]

LCGIS Registry 9/8/10

Property Address:
428 Oakwood Drive
Whitehall, Pennsylvania 18052

[Space Above This Line For Recording Data]

# MORTGAGE

FHA CASE NO.
[redacted]

**MIN:** [redacted]

THIS MORTGAGE ("Security Instrument") is given on SEPTEMBER 3, 2010 .
The mortgagor is Orlando Perez an unmarried man

("Borrower").
This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS") as Mortgagee. **MERS is the nominee for Lender**, as hereinafter defined, and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has a mailing address of P.O. Box 2026, Flint, MI 48501-2026 and a street address of 3300 S.W. 34th Avenue, Suite 101, Ocala, FL 34474, tel. [redacted]
CARDINAL FINANCIAL COMPANY, L.P., LIMIT[redacted]P ("Lender")
is organized and existing under the laws of PENNSYLVANIA ,
and has an address of 444 JACKSONVILLE RD, WARMINSTER, PENNSYLVANIA 18974 .
Borrower owes Lender the principal sum of ONE HUNDRED SIXTY-FIVE THOUSAND SIX HUNDRED SIXTY-EIGHT AND 00/100 Dollars (U.S. $ 165,668.00 ).



[redacted]

This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on OCTOBER 1, 2040 . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in LEHIGH County, Pennsylvania:

SEE EXHIBIT ''A'' ATTACHED HERETO AND BY THIS REFERENCE MADE A PART HEREOF.
A.P.N.: [redacted]

which has the address of 428 Oakwood Drive
[Street]
Whitehall, Pennsylvania 18052 ("Property Address"):
[City] [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.



[redacted]

*First American*
*Title Insurance Company*

[redacted]

**SCHEDULE C**

File No[redacted] Commitment N[redacted]

Parcel ID: [redacted]

ALL THAT CERTAIN lot or piece of ground situate on the East side of Oakwood Drive, between Florida Avenue and Laurel Drive, in the Village of Fullerton, Township of Whitehall, County of Lehigh and Commonwealth of Pennsylvania, AND KOWN AS NO. 428 OAKWOOD DRIVE, bounded and described as follows, to wit:

BEGINNING at a point in the Easterly property line of Oakwood Drive in line of Lot #62, said point being distant 220.00 feet northerly from the intersection of the North property line of Florida Avenue with the East property line of Oakwood Drive; thence along the Easterly property line of Oakwood Drive; on a curve to the right of radius 390.00 feet, 60.00 feet to a point in line of Lot #60; thence along Lot #60, South 54 degrees 29 minutes East 100.00 feet to a point in line of Lot #67; thence along Lot #67 and along Lot #66, on a curve to the left of radius 290.00 feet, 44.61 feet to a point in line of Lot #62; thence along Lot #62, North 63 degrees 17 minutes 50 seconds West 100.00 feet to the point or place of beginning. Being known as Lot #61 as shown upon Plan #1 of Oakview Manor, which plan is recorded in the Office for the Recording of Deeds for Lehigh County, Pennsylvania in Book of Maps and Plans Volume 3, Page 101.

**2. Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

THIRD, to interest due under the Note;

FOURTH, to amortization of the principal of the Note; and

FIFTH, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance



[redacted]

proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.



[redacted]

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 DAYS from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 DAYS from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of



[redacted]

Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.



[redacted]

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding and/or invoke any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided or referred to in this paragraph 18, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by applicable law.**

**If the Lender's interest in this Security Instrument is held by the Secretary, and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.**

**19. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

**20. Waivers.** Borrower, to the extent permitted by applicable law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**21. Reinstatement Period.** Borrower's time to reinstate provided in paragraph 10 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.



[redacted]

**22. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**23. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

**24. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

[Check applicable box(es)].

- ☐ Condominium Rider
- ☐ Graduated Payment Rider
- ☐ Growing Equity Rider
- ☐ Planned Unit Development Rider
- ☐ Adjustable Rate Rider
- ☐ Rehabilitation Loan Rider
- ☐ Non-Owner Occupancy Rider
- ☐ Other [Specify]

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**



[redacted]

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 11 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Orlando Perez (Seal) -Borrower

(Seal) -Borrower

(Seal) -Borrower

(Seal) -Borrower

(Seal) -Borrower

(Seal) -Borrower

Witness:

Witness:



[redacted]

[Space Below This Line For Acknowledgment]

State of PENNSYLVANIA

County of Northampton

On this the 3 day of Sept. 2010, before me, ____________________,

the undersigned officer, personally appeared Orlando Perez

known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seals.

Tammie L. Caruso

Signature

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Tammie L. Caruso, Notary Public
City of Bethlehem, Northampton County
My Commission Expires June 11, 2013

Printed Name

(Seal)

Title of Officer

My commission expires: ____________



[redacted]

**Certificate of Residence of Mortgagee**

The undersigned hereby certifies that: (i) he/she is the Mortgagee or the duly authorized attorney or agent of the Mortgagee named in the within instrument; and (ii) Mortgagee's precise residence is:
3300 S. W. 34th Avenue, Suite 101, Ocala, FL 24474, P. O. Box 2026, Flint, Michigan 48501-2026

Witness my hand this 3 day of Sept. 2010.

Signature of Mortgagee or Mortgagee's Duly Authorized Attorney or Agent

Edward L Redding
Type or Print Name of Mortgagee or Mortgagee's Duly Authorized Attorney or Agent



[redacted]

# Exhibit A – Legal Description

ALL THAT CERTAIN lot or piece of ground situate on the East side of Oakwood Drive, between Florida Avenue and Laurel Drive, in the Village of Fullerton, Township of Whitehall, County of Lehigh and Commonwealth of Pennsylvania, AND KOWN AS NO 428 OAKWOOD DRIVE, bounded and described as follows, to wit:

BEGINNING at a point in the Easterly property line of Oakwood Drive in line of Lot #62, said point being distant 220.00 feet northerly from the intersection of the North property line of Florida Avenue with the East property line of Oakwood Drive, thence along the Easterly property line of Oakwood Drive; on a curve to the right of radius 390.00 feet, 60.00 feet to a point in line of Lot #60; thence along Lot #60, South 54 degrees 29 minutes East 100 00 feet to a point in line of Lot #67; thence along Lot #67 and along Lot #66, on a curve to the left of radius 290 00 feet, 44 61 feet to a point in line of Lot #62; thence along Lot #62, North 63 degrees 17 minutes 50 seconds West 100 00 feet to the point or place of beginning. Being known as Lot #61 as shown upon Plan #1 of Oakview Manor, which plan is recorded in the Office for the Recording of Deeds for Lehigh County, Pennsylvania in Book of Maps and Plans Volume 3, Page 101.

**EXHIBIT "B"**

MORTGAGE MADE BY ORLANDO PEREZ AN UNMARRIED MAN AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, L.P., LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS DATED 09/03/2010 AND RECORDED ON 09/08/2010 AS INSTRUMENT NUMBER 2010028964 FOR THE ORIGINAL PRINCIPAL AMOUNT OF $165,668.00.

ASSIGNMENT FROM: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS TO: WELLS FARGO BANK, NA DATED 08/07/2013, RECORDED 08/07/2013 AS INSTRUMENT NUMBER 2013030247 FOR THE MORTGAGE AMOUNT OF $165,668.00.

# EXHIBIT C

***ANDREA E. NAUGLE***
***LEHIGH COUNTY CLERK OF JUDICIAL RECORDS***

**Recorder of Deeds Division**
**Deborah A. Casciotti, Chief Deputy**
**Lehigh County Courthouse**
**455 W. Hamilton Street - Room 122**
**Allentown, PA 18101-1614**
**(610) 782-3162**

*RETURN DOCUMENT TO:
WELLS FARGO BANK, N.A.
1000 BLUE GENTIAN RD
MAC X9998-018
EAGAN, MN 55121

**Instrument Number - 2013030247**
Recorded On 8/7/2013 At 1:56:20 PM
* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number - [redacted] User ID: [redacted] ***Total Pages - 2**
* Grantor - MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC
* Grantee - WELLS FARGO BANK NA
* Customer - WELLS FARGO BANK, N.A.

* FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| STATE JCS | $23.50 |
| RECORDING FEES | $15.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| UPI CERTIFICATION FEES | $10.00 |
| TOTAL PAID | $54.00 |

I hereby CERTIFY that this document is Recorded in the Recorder of Deeds Office of Lehigh County, Pennsylvania

RECORDER OF DEEDS OF LEHIGH COUNTY PENNSYLVANIA

Andrea E. Naugle
Andrea E. Naugle
Clerk of Judicial Records
Recorder of Deeds Division

**LCGIS Registry UPI Certification**
**On August 7, 2013 By SB**

THIS IS A CERTIFICATION PAGE

# Do Not Detach

THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

INSTRUMENT NUMBER - **2013030247** eRecorded [redacted]

***Send All Notices to Assignee***
RECORDING REQUESTED BY:
**WELLS FARGO BANK, N.A.**
**1000 BLUE GENTIAN RD**
**MAC X9998-018**
**EAGAN MN 55121**

AND WHEN RECORDED MAIL TO:
**WELLS FARGO BANK, N.A.**
**DEFAULT ASSIGNMENT**
**MAC X9998-01P**
**PO BOX 1629**
**MINNEAPOLIS, MN 55440-9049**

[redacted]

Tax ID Number: [redacted]

## ASSIGNMENT OF MORTGAGE

MERS ID: [redacted]
MERS Telephone: [redacted]

For Value Received, the undersigned holder of a Mortgage, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS** (herein "Assignor") whose address is **BOX 2026 FLINT MI 48501 1901 E VOORHEES ST STE C. DANVILLE, IL 61834** , does hereby grant, sell, assign, transfer, and convey, unto **WELLS FARGO BANK, NA** (herein "Assignee"), whose address is **1 HOME CAMPUS , DES MOINES, IA 50328** , a certain Mortgage dated **09/03/2010** and recorded **09/08/2010** , made and executed by **ORLANDO PEREZ AN UNMARRIED MAN** , to and in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS** upon the following described property. Such Mortgage having been given to secure payment of **$165668.00** which Mortgage is of record in Book, Volume or Liber No. , at Page , as Document No. **2010028964** , of the Records of **Lehigh** County, State of **PA** , together with the note(s) and obligations therein described and the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.
Property Address:428 OAKWOOD DRIVE WHITEHALL PA 18052

TO HAVE AND TO HOLD the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on **08/07/2013** .

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS**

____________________
NICHOLAS J. WOLF, Assistant Secretary

STATE OF MN
COUNTY OF Dakota } s.s.

On **08/07/2013** , before me **MICHAEL J. ZANOTTI** , Notary Public, personally appeared **NICHOLAS J. WOLF** , **Assistant Secretary** of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS** personally known to me (or proved to me on the basis of satisfactory evidence), to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument, the person or entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

____________________
MICHAEL J. ZANOTTI
Commission # [redacted]
My Commission Expires: **01/31/2017**

MICHAEL J. ZANOTTI
NOTARY PUBLIC-MINNESOTA
My Commission Expires
January 31, 2017

I do certify that the precise address of **WELLS FARGO BANK, NA** is **1 HOME CAMPUS , DES MOINES, IA 50328**

Attested By:

____________________
NICHOLAS J. WOLF, Assistant Secretary

eRecorded

***ANDREA E. NAUGLE***
***LEHIGH COUNTY CLERK OF JUDICIAL RECORDS***

**Recorder of Deeds Division**
**Deborah A. Casciotti, Chief Deputy**
**Lehigh County Courthouse**
**455 W. Hamilton Street - Room 122**
**Allentown, PA 18101-1614**
**(610) 782-3162**

*RETURN DOCUMENT TO:
RICHMOND MONROE - BAYVIEW HUD (47-53)
82 JIM LINEGAR LANE
KIMBERLING CITY, MO 65686

**Instrument Number - 2016000691**
Recorded On 1/11/2016 At 12:37:32 PM
* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number - [redacted] User ID: [redacted]
***Total Pages - 6**
* Grantor - WELLS FARGO BANK NA
* Grantee - SECRETARY OF HOUSING & URBAN DEVELOPMENT
* Customer - SIMPLIFILE LC E-RECORDING

* FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| STATE JCS | $35.50 |
| RECORDING FEES | $17.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| UPI CERTIFICATION FEES | $10.00 |
| TOTAL PAID | $68.00 |

I hereby CERTIFY that this document is Recorded in the Recorder of Deeds Office of Lehigh County, Pennsylvania

RECORDER OF DEEDS OF LEHIGH COUNTY PENNSYLVANIA

Andrea E. Naugle
Andrea E. Naugle
Clerk of Judicial Records
Recorder of Deeds Division

**LCGIS Registry UPI Certification**
**On January 11, 2016 By TLL**

THIS IS A CERTIFICATION PAGE

# Do Not Detach

THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

[redacted]

INSTRUMENT NUMBER - **2016000691**

**Claim Date: 8/12/2015** **FHA Case No.:** [redacted]

**Servicer Loan No.:** [redacted]

**When Recorded Return To:**
Richmond Monroe Group, Inc.
P.O. BOX 458
Kimberling City, MO 65686
[redacted]

**This instrument prepared by:**
Wells Fargo Home Mortgage
DEREJE BADADA
1000 Blue Gentian Rd #200
Eagan, MN 55121-4400

[redacted] **ASSIGNMENT OF MORTGAGE AND OTHER LOAN DOCUMENTS**

WELLS FARGO BANK, N.A., whose address is 1 Home Campus, Des Moines, IA 50328 ("Assignor"), in consideration of Ten Dollars ($10.00) and other good and valuable consideration received by Assignor, hereby assigns, transfers, sets over and conveys to THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, whose address is 451 7th Street, S.W., Washington, D.C. 20410 ("Assignee"), and its successors and assigns, without recourse, the following:

1. that certain Mortgage dated SEPTEMBER 03, 2010, executed by ORLANDO PEREZ AN UNMARRIED MAN, to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, L.P., LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS, having an original principal sum of $165668.00 with interest, secured thereby, and recorded on SEPTEMBER 08, 2010 as Instrument Number 2010028964 and/or in Book/Volume/Liber/Reel N/A, at Page/Folio N/A, among the land records of LEHIGH County, PA, as amended or modified (the "Mortgage"), which Mortgage secures that certain promissory note dated SEPTEMBER 03, 2010 (the "Note"); and

2. such other documents, agreements, instruments and other collateral that evidence, secure or otherwise relate to Assignor's right, title or interest in and to the Mortgage and/or the Note, including without limitation the title insurance policies and hazard insurance policies that might presently be in effect.

TO HAVE AND TO HOLD unto Assignee and its successors and assigns forever.

**Property Address: 428 OAKWOOD DRIVE, WHITEHALL, PA 18052**
**Assessor's/Tax ID No.**[redacted] Township of Whitehall
**Legal Description: See Exhibit "A" Attached Hereto And By This Reference Made A Part Hereof**
See exhibit "B" attached

IN WITNESS WHEREOF, Assignor has caused this Assignment to be executed and delivered by its duly authorized officer as of the 19 day of August, 2015.

WELLS FARGO BANK, N.A.

By: ____________________
Name: Kelley Christine Butikofer
Title: Vice President Loan Documentation

**NOTARY ACKNOWLEDGMENT**

State of Minnesota )
), ss:
County of Dakota )

On 8-19-15, before me, Phillip Marquis Smith, a Notary Public in the State of Minnesota, personally appeared Kelley Christine Butikofer, Vice President Loan Documentation, for WELLS FARGO BANK, N.A. personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

[ SEAL ]

PHILLIP MARQUIS SMITH
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/19

Notary Public: Phillip Marquis Smith
My Commission Expires: 1-31-19

I do certify that the precise address of the Secretary of Housing and Urban Development is 451 7th Street, S.W., Washington, D.C. 20410.
Attested By: ____________________

# Exhibit A – Legal Description

ALL THAT CERTAIN lot or piece of ground situate on the East side of Oakwood Drive, between Florida Avenue and Laurel Drive, in the Village of Fullerton, Township of Whitehall, County of Lehigh and Commonwealth of Pennsylvania, AND KOWN AS NO 428 OAKWOOD DRIVE, bounded and described as follows, to wit:

BEGINNING at a point in the Easterly property line of Oakwood Drive in line of Lot #62, said point being distant 220 00 feet northerly from the intersection of the North property line of Florida Avenue with the East property line of Oakwood Drive, thence along the Easterly property line of Oakwood Drive; on a curve to the right of radius 390 00 feet, 60.00 feet to a point in line of Lot #60; thence along Lot #60, South 54 degrees 29 minutes East 100 00 feet to a point in line of Lot #67, thence along Lot #67 and along Lot #66, on a curve to the left of radius 290.00 feet, 44.61 feet to a point in line of Lot #62; thence along Lot #62, North 63 degrees 17 minutes 50 seconds West 100 00 feet to the point or place of beginning. Being known as Lot #61 as shown upon Plan #1 of Oakview Manor, which plan is recorded in the Office for the Recording of Deeds for Lehigh County, Pennsylvania in Book of Maps and Plans Volume 3 Page 101

**EXHIBIT "B"**

MORTGAGE MADE BY ORLANDO PEREZ AN UNMARRIED MAN AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, L.P., LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS DATED 09/03/2010 AND RECORDED ON 09/08/2010 AS INSTRUMENT NUMBER 2010028964 FOR THE ORIGINAL PRINCIPAL AMOUNT OF $165,668.00.

ASSIGNMENT FROM: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS TO: WELLS FARGO BANK, NA DATED 08/07/2013, RECORDED 08/07/2013 AS INSTRUMENT NUMBER 2013030247 FOR THE MORTGAGE AMOUNT OF $165,668.00.

*ANDREA E. NAUGLE*
*LEHIGH COUNTY CLERK OF JUDICIAL RECORDS*

**Recorder of Deeds Division**
**Deborah A. Casciotti, Chief Deputy**
**Lehigh County Courthouse**
**455 W. Hamilton Street - Room 122**
**Allentown, PA 18101-1614**
**(610) 782-3162**

*RETURN DOCUMENT TO:
RICHMOND MONROE - BAYVIEW HUD (47-53)
82 JIM LINEGAR LANE
KIMBERLING CITY, MO 65686

**Instrument Number - 2016000692**
Recorded On 1/11/2016 At 12:37:33 PM
* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number [redacted] User ID [redacted] ***Total Pages - 7**
* Grantor - SECRETARY OF HOUSING & URBAN DEVELOPMENT
* Grantee - BAYVIEW LOAN SERVICING LLC
* Customer - SIMPLIFILE LC E-RECORDING

* FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| STATE JCS | $35.50 |
| RECORDING FEES | $19.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| UPI CERTIFICATION FEES | $10.00 |
| TOTAL PAID | $70.00 |

I hereby CERTIFY that this document is
Recorded in the Recorder of Deeds Office
of Lehigh County, Pennsylvania

Andrea E. Naugle
Andrea E. Naugle
Clerk of Judicial Records
Recorder of Deeds Division

**LCGIS Registry UPI Certification**
**On January 11, 2016 By TLL**

THIS IS A CERTIFICATION PAGE

# Do Not Detach

THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

INSTRUMENT NUMBER - **2016000692** [redacted]

**BV #[redacted]**

**ASSIGNMENT OF MORTGAGE**

BETWEEN

THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT BY ITS ATTORNEY IN FACT BAYVIEW LOAN SERVICING, LLC

AND

BAYVIEW LOAN SERVICING, LLC

**RECORD AND RETURN TO:**
**Bayview Loan Servicing, L.L.C.**
**Attn: Ramona Careaga**
**4425 Ponce de Leon Blvd., 5th Floor**
**Village of Merrick Park**
**Coral Gables, Fl 33146**

Prepared By: Melba Castrillon

**CERTIFICATE OF RESIDENCE**

I, Melba Castrillon, do hereby certify that ASSIGNEE's precise residence is:
4425 PONCE DE LEON BLVD, 5TH FLOOR, CORAL GABLES, FLORIDA 33146

Witness My hand this JANUARY 4, 2016

Agent for ASSIGNEE: [signature] ____________________

**Claim Date: 8/12/2015** **FHA Case No.** [redacted]

**Servicer Loan No.:** [redacted]

**When Recorded Return To:**
Richmond Monroe Group, Inc.
P.O. BOX 458
Kimberling City, MO 65686
Ref# [redacted]

**This instrument prepared by:**
Wells Fargo Home Mortgage
DEREJE BADADA
1000 Blue Gentian Rd #200
Eagan, MN 55121-4400

[redacted] **ASSIGNMENT OF MORTGAGE AND OTHER LOAN DOCUMENTS**

THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, whose address is 451 7th Street, S.W., Washington, D.C. 20410 ("Assignor"), in consideration of Ten Dollars ($10.00) and other good and valuable consideration received by Assignor, hereby assigns, transfers, sets over and conveys to BAYVIEW LOAN SERVICING, LLC, whose address is 4425 Ponce de Leon Blvd, 5th Floor, Coral Gables, FL 33146 ("Assignee"), and its successors and assigns, without recourse, the following:

1. that certain Mortgage dated SEPTEMBER 03, 2010, executed by ORLANDO PEREZ AN UNMARRIED MAN, to: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, L.P., LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS, having an original principal sum of $165668.00 with interest, secured thereby, and recorded on SEPTEMBER 08, 2010 as Instrument Number 2010028964 and/or in Book/Volume/Liber/Reel N/A, at Page/Folio N/A, among the land records of LEHIGH County, PA, as amended or modified (the "Mortgage"), which Mortgage secures that certain promissory note dated SEPTEMBER 03, 2010 (the "Note"); and

2. such other documents, agreements, instruments and other collateral that evidence, secure or otherwise relate to Assignor's right, title or interest in and to the Mortgage and/or the Note, including without limitation the title insurance policies and hazard insurance policies that might presently be in effect.

TO HAVE AND TO HOLD unto Assignee and its successors and assigns forever.

**Property Address: 428 OAKWOOD DRIVE, WHITEHALL, PA 18052**
**Assessor's/Tax ID No.:** [redacted] Township of Whitehall
**Legal Description: See Exhibit "A" Attached Hereto And By This Reference Made A Part Hereof**
See exhibit "B" attached

IN WITNESS WHEREOF, Assignor has caused this Assignment to be executed and delivered by its duly authorized officer as of the 5 day of NOV, 2015.

THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT BY ITS ATTORNEY IN FACT BAYVIEW LOAN SERVICING LLC.

POA: LEHIGH, PA RECORDED 11/25/2015 AS INSTRUMENT # 2015035261

BY: ______________________

Ramona Careaga
Assistant Vice President

**NOTARY ACKNOWLEDGMENT**

STATE OF FLORIDA )
)SS
MIAMI DADE COUNTY )

On 11/5/15, before me, Orlee Tamir Bushman, a Notary Public in the State of FLORIDA, personally appeared Ramona Careaga, as Assistant Vice President, of Bayview Loan Servicing LLC., By its Attorney in Fact for The Secretary of Housing and Urban Development, personally know to me (or proved to me on the basis of satisfactory evidence) to be the person (s) whose name (s) is/are subscribed to the within instrument and acknowledged to me that he/she /they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s), acted, executed the instrument.

Orlee Tamir Bushman
COMMISSION [redacted]
EXPIRES: November 9, 2018
WWW.AARONNOTARY.COM

Notary Public: Orlee Tamir Bushman
My Commission Expires: 11/9/18

[SEAL]

# Exhibit A – Legal Description

ALL THAT CERTAIN lot or piece of ground situate on the East side of Oakwood Drive, between Florida Avenue and Laurel Drive, in the Village of Fullerton, Township of Whitehall, County of Lehigh and Commonwealth of Pennsylvania, AND KOWN AS NO. 428 OAKWOOD DRIVE, bounded and described as follows, to wit:

BEGINNING at a point in the Easterly property line of Oakwood Drive in line of Lot #62, said point being distant 220 00 feet northerly from the intersection of the North property line of Florida Avenue with the East property line of Oakwood Drive, thence along the Easterly property line of Oakwood Drive, on a curve to the right of radius 390 00 feet, 80 00 feet to a point in line of Lot #60; thence along Lot #60, South 54 degrees 29 minutes East 100 00 feet to a point in line of Lot #67, thence along Lot #67 and along Lot #66, on a curve to the left of radius 290 00 feet, 44 61 feet to a point in line of Lot #62; thence along Lot #62, North 63 degrees 17 minutes 50 seconds West 100 00 feet to the point or place of beginning. Being known as Lot #61 as shown upon Plan #1 of Oakview Manor, which plan is recorded in the Office for the Recording of Deeds for Lehigh County, Pennsylvania in Book of Maps and Plans Volume 3 Page 101

**EXHIBIT "B"**

MORTGAGE MADE BY ORLANDO PEREZ AN UNMARRIED MAN AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, L.P., LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS DATED 09/03/2010 AND RECORDED ON 09/08/2010 AS INSTRUMENT NUMBER 2010028964 FOR THE ORIGINAL PRINCIPAL AMOUNT OF $165,668.00.

ASSIGNMENT FROM: WELLS FARGO BANK, N.A. TO: THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT DATED 08/19/2015, TO BE RECORDED CONCURRENTLY HEREWITH.

*ANDREA E. NAUGLE*
*LEHIGH COUNTY CLERK OF JUDICIAL RECORDS*

**Recorder of Deeds Division**
**Karen S. Collura, Chief Deputy**
**Lehigh County Courthouse**
**455 W. Hamilton Street - Room 122**
**Allentown, PA 18101-1614**
**(610) 782-3162**

*RETURN DOCUMENT TO:
MERIDIAN ASSET SERVICES - API
3201 34TH ST S STE 310
ST PETERSBURG, FL 33711

**Instrument Number - 2019034755**
Recorded On 11/21/2019 At 2:48:10 PM
* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number - [redacted] User ID: [redacted]
* Grantor - BAYVIEW LOAN SERVICING LLC
* Grantee - BAYVIEW DISPOSITIONS IIIB LLC
* Customer - MERIDIAN ASSET SERVICES - API

***Total Pages - 2**

* FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| STATE JCS | $40.25 |
| RECORDING FEES | $15.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| UPI CERTIFICATION FEES | $10.00 |
| TOTAL PAID | $70.75 |

I hereby CERTIFY that this document is Recorded in the Recorder of Deeds Office of Lehigh County, Pennsylvania

RECORDER OF DEEDS OF LEHIGH COUNTY PENNSYLVANIA

Andrea E. Naugle
Andrea E. Naugle
Clerk of Judicial Records
Recorder of Deeds Division

**LCGIS Registry UPI Certification**
**On November 21, 2019 By TLL**

THIS IS A CERTIFICATION PAGE

# Do Not Detach

THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

INSTRUMENT NUMBER - **2019034755**

[redacted]

**Prepared by:**
ESLOAN SOTOLONGO
BAYVIEW LOAN SERVICING, LLC
4425 PONCE DE LEON
SUITE 500
CORAL GABLES, FL, 33146
(305) 854-8880

**When Record Return To:**
Meridian Asset Services, LLC, Attn Doc Intake – [BV23]
3201 34th Street South Ste
Suite 310
St. Petesburg, FL, 33711

**UPI #:** [redacted]

**CORPORATE ASSIGNMENT OF MORTGAGE**

TS Ref #: [redacted]
PA/LEHIGH

Assignment Prepared on: October 12, 2019

**ASSIGNOR: BAYVIEW LOAN SERVICING, LLC**, at 4425 PONCE DE LEON BLVD., SUITE #500, CORAL GABLES, FL, 33146

**ASSIGNEE: BAYVIEW DISPOSITIONS IIIB, LLC**, at 4425 PONCE DE LEON BLVD., SUITE #500, CORAL GABLES, FL, 33146

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee interest under that certain Mortgage Dated: 9/3/2010, in the amount of $165,668.00, executed by ORLANDO PEREZ, AN UNMARRIED MAN to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, L.P ITS SUCCESSOR'S AND ASSIGNS and Recorded: 9/8/2010, Instrument #: 2010028964 in LEHIGH County, State of Pennsylvania.

I do certify that the precise address of (grantee/assignee/mortgagee/etc) is 4425 PONCE DE LEON BLVD., SUITE #500, CORAL GABLES, FL, 33146

Attested By:____________________

The property is located in the Township of WHITEHALL
Property Address: 428 OAKWOOD DRIVE, WHITEHALL, PA, 18052

Document References:
- Assignment Dated: 11/5/2015 from THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT to BAYVIEW LOAN SERVICING, LLC Recorded. 1/11/2016, Instrument #: 2016000692

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.
BAYVIEW LOAN SERVICING, LLC

On: OCT 1 7 2019

By:
Name: ESLOAN SOTOLONGO
Title: ASSISTANT VICE PRESIDENT

State of FLORIDA
County of MIAMI-DADE

On OCT 1 7 2019, before me, ROGELIO A. PORTAL, a Notary Public in and for MIAMI-DADE in the State of FLORIDA, personally appeared ESLOAN SOTOLONGO, ASSISTANT VICE PRESIDENT, BAYVIEW LOAN SERVICING, LLC, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument

WITNESS my hand and official seal,

ROGELIO A PORTAL
Notary Expires: 8/25/2020 / #: [redacted]

ROGELIO A. PORTAL
Notary Public-State of Florida
Commission [redacted]
My Commission Expires
August 25, 2020

**PA/LEHIGH**

## *ANDREA E. NAUGLE*
## *LEHIGH COUNTY CLERK OF JUDICIAL RECORDS*

**Recorder of Deeds Division**
**Karen S. Collura, Chief Deputy**
**Lehigh County Courthouse**
**455 W. Hamilton Street - Room 122**
**Allentown, PA 18101-1614**
**(610) 782-3162**

*RETURN DOCUMENT TO:
MERIDIAN ASSET SERVICES - API
3201 34TH ST S STE 310
ST PETERSBURG, FL 33711

**Instrument Number - 2019034756**
Recorded On 11/21/2019 At 2:48:11 PM
* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number [redacted] User ID: [redacted]
* Grantor - BAYVIEW DISPOSITIONS IIIB LLC
* Grantee - US BANK TRUST NATIONAL ASSN
* Customer - MERIDIAN ASSET SERVICES - API

***Total Pages - 2**

* FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| STATE JCS | $40.25 |
| RECORDING FEES | $15.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| UPI CERTIFICATION FEES | $10.00 |
| TOTAL PAID | $70.75 |

I hereby CERTIFY that this document is Recorded in the Recorder of Deeds Office of Lehigh County, Pennsylvania

Andrea E. Naugle
Clerk of Judicial Records
Recorder of Deeds Division

**LCGIS Registry UPI Certification**
**On November 21, 2019 By TLL**

THIS IS A CERTIFICATION PAGE

# Do Not Detach

THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page

[redacted]

INSTRUMENT NUMBER - **2019034756**

**Prepared by:**
ESLOAN SOTOLONGO
BAYVIEW LOAN SERVICING, LLC
4425 PONCE DE LEON
SUITE 500
CORAL GABLES, FL, 33146
(305) 854-8880

**When Record Return To:**
Meridian Asset Services, LLC, Attn: Doc Intake – [BV23]
3201 34th Street South Ste
Suite 310
St. Petesburg, FL, 33711

**UPI #:** [redacted]

## CORPORATE ASSIGNMENT OF MORTGAGE

TS Ref #: [redacted]
PA/LEHIGH

Assignment Prepared on. October 12, 2019

**ASSIGNOR: BAYVIEW DISPOSITIONS IIIB, LLC**, at 4425 PONCE DE LEON BLVD., SUITE #500, CORAL GABLES, FL, 33146

**ASSIGNEE: U.S. Bank Trust National Association, as Trustee for CVF III Mortgage Loan Trust II**, at 300 DELAWARE AVENUE, 9th FLOOR, WILMINGTON, DE, 19801

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee interest under that certain Mortgage Dated: 9/3/2010, in the amount of $165,668.00, executed by ORLANDO PEREZ, AN UNMARRIED MAN to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, L.P. ITS SUCCESSOR'S AND ASSIGNS and Recorded: 9/8/2010, Instrument #: 2010028964 in LEHIGH County, State of Pennsylvania.

I do certify that the precise address of (grantee/assignee/mortgagee/etc) is 300 DELAWARE AVENUE, 9th FLOOR, WILMINGTON, DE, 19801

Attested By: ______________________

The property is located in the Township of WHITEHALL.
Property Address: 428 OAKWOOD DRIVE, WHITEHALL, PA, 18052

Document References:
- Assignment Dated: 11/5/2015 from THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT to BAYVIEW LOAN SERVICING, LLC Recorded: 1/11/2016, Instrument #: 2016000692
- Assignment Dated: 10/17/2019 from BAYVIEW LOAN SERVICING, LLC to BAYVIEW DISPOSITIONS IIIB, LLC To Be Recorded Concurrently.

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.
BAYVIEW DISPOSITIONS IIIB, LLC

On. OCT 17 2019

By: ______________________
Name: ESLOAN SOTOLONGO
Title: ASSISTANT VICE PRESIDENT

State of FLORIDA
County of MIAMI-DADE

On OCT 17 2019, before me, ROGELIO A. PORTAL, a Notary Public in and for MIAMI-DADE in the State of FLORIDA, personally appeared ESLOAN SOTOLONGO, ASSISTANT VICE PRESIDENT, BAYVIEW DISPOSITIONS IIIB, LLC, personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal,

______________________
ROGELIO A PORTAL
Notary Expires: 8/25/2020 / # [redacted]

ROGELIO A. PORTAL
Notary Public-State of Florida
Commission [redacted]
My Commission Expires
August 25, 2020

PA/LEHIGH

***MICHELLE GRAUPNER***
***LEHIGH COUNTY CLERK OF JUDICIAL RECORDS***

**Recorder of Deeds Division**
**Lisa Stella-Ali, Chief Deputy**
**Lehigh County Courthouse**
**455 W. Hamilton Street - Room 122**
**Allentown, PA 18101-1614**
**(610) 782-3162**

*RETURN DOCUMENT TO:
MERIDIAN ASSET SERVICES - API
3201 34TH ST S STE 310
ST PETERSBURG, FL 33711

**Instrument Number - 2024006146**
Recorded On 3/20/2024 At 10:59:24 AM
* Instrument Type - ASSIGNMENT OF MORTGAGE
Invoice Number - [redacted] User ID: [redacted] ***Total Pages - 4**
* Grantor - CVF III MORTGAGE LOAN TRUST II US BANK TRUST NATIONAL ASSN
* Grantee - CMLTI ASSET TRUST CITIBANK NA
* Customer - MERIDIAN ASSET SERVICES - API

* FEES

| | |
|---|---|
| STATE WRIT TAX | $0.50 |
| STATE JCS | $40.25 |
| RECORDING FEES | $16.00 |
| COUNTY ARCHIVES FEE | $2.00 |
| ROD ARCHIVES FEE | $3.00 |
| UPI CERTIFICATION FEES | $10.00 |
| TOTAL PAID | $71.75 |

I hereby CERTIFY that this document is
Recorded in the Recorder of Deeds Office
of Lehigh County, Pennsylvania

Michelle Graupner
Michelle Graupner
Clerk of Judicial Records
Recorder of Deeds Division

**LCGIS Registry UPI Certification**
**On March 20, 2024 By CJ**

THIS IS A CERTIFICATION PAGE

# Do Not Detach

THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

* - Information denoted by an asterisk may change during the verification process and may not be reflected on this page.

INSTRUMENT NUMBER - **2024006146**

[redacted]

Prepared By and Return To:

Meridian Asset Services, LLC
140 Fountain Parkway Suite 100
St. Petersburg, FL 33716
(239) 351-2442

**APN/PIN#**[redacted]

Loan No[redacted]

Space above for Recorder's use [redacted]

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CVF III MORTGAGE LOAN TRUST II**, whose address is **1011 CENTRE RD, EX-DE-WD2D, WILMINGTON, DE 19805**, (ASSIGNOR), does hereby grant, assign and transfer to **CITIBANK, N.A., AS TRUSTEE FOR CMLTI ASSET TRUST**, whose address is **388 GREENWICH STREET, NEW YORK, NY 10013**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: **9/3/2010**
Original Loan Amount: **$165,668.00**
Executed by (Borrower(s)): **ORLANDO PEREZ**
Original Lender: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS MORTGAGEE, AS NOMINEE FOR CARDINAL FINANCIAL COMPANY, L.P., LIMITED PARTNERSHIP, ITS SUCCESSORS AND ASSIGNS**
Filed of Record: In Book/Liber/Volume N/A, Page N/A
Document/Instrument No: **2010028964** in the Recording District of **Lehigh, PA**, Recorded on **9/8/2010**.
**MUNICIPALITY: TOWNSHIP OF WHITEHALL**

Legal Description: SEE EXHIBIT "A" ATTACHED
Property more commonly described as: **428 OAKWOOD DRIVE, WHITEHALL, PENNSYLVANIA 18052**

[redacted]

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: **3/7/2024**

**U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CVF III MORTGAGE LOAN TRUST II, BY MERIDIAN ASSET SERVICES, LLC, ITS ATTORNEY-IN-FACT**

By: **KATHRYN CREMER**
Title: **VICE PRESIDENT**

Witness Name: **NICKOLAS BERGLUND**

I hereby certify the precise address of the within named **CITIBANK, N.A., AS TRUSTEE FOR CMLTI ASSET TRUST** *(Assignee) is* **388 GREENWICH STREET, NEW YORK, NY 10013.**

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of **FLORIDA**
County of **PINELLAS**

On **3/7/2024**, before me, **DICHE' BATTLE**, a Notary Public, personally appeared **KATHRYN CREMER, VICE PRESIDENT** of/for **MERIDIAN ASSET SERVICES, LLC, AS ATTORNEY-IN-FACT FOR U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CVF III MORTGAGE LOAN TRUST II,** personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **FLORIDA** that the foregoing paragraph is true and correct. I further certify the foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization and that KATHRYN CREMER, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand ~~and~~ official seal.

(Notary Name): **DICHE' BATTLE**
My commission expires: **02/13/2027**

FLORIDA NOTARY ASSOCIATION SINCE 1918

**DiChe' Battle**
**Notary Public**
**State of Florida**
**Comm#**[redacted]
**Expires 2/13/2027**

[redacted]

# EXHIBIT "A"

ALL THAT CERTAIN lot or piece of ground situate on the East side of Oakwood Drive, between Florida Avenue and Laurel Drive, in the Village of Fullerton, Township of Whitehall, County of Lehigh and Commonwealth of Pennsylvania, AND KOWN AS NO. 428 OAKWOOD DRIVE, bounded and described as follows, to wit:

*BEGINNING at a point in the Easterly property line of Oakwood Drive in line of Lot #62, said point being distant* 220.00 feet northerly from the intersection of the North property line of Florida Avenue with the East property line of Oakwood Drive; thence along the Easterly property line of Oakwood Drive; on a curve to the right of radius 390.00 feet, 60.00 feet to a point in line of Lot #60; thence along Lot #60, South 54 degrees 29 minutes East 100.00 feet to a point in line of Lot #67; thence along Lot #67 and along Lot #66, on a curve to the left of radius 290.00 feet, 44.61 feet to a point in line of Lot #62; thence along Lot #62, North 63 degrees 17 minutes 50 seconds West 100.00 feet to the point or place of beginning. Being known as Lot #61 as shown upon Plan #1 of Oakview Manor, which plan is recorded in the Office for the Recording of Deeds for Lehigh County, Pennsylvania in Book of Maps and Plans Volume 3, Page 101.

[redacted]

# EXHIBIT D

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| July 3, 2019 11:21:25 AM EDT | [redacted] | 60 | 2 | Received |

07/03/2019 10:28 6104339312 FEDEX OFFICE 1195 PAGE 01/02

[redacted]

[redacted]

# Loan Modification Agreement

**Modification Effective Date:** 08/01/2019
**Borrower(s):** ORLANDO PEREZ
**Loan Number:** [redacted]
**Servicer:** Bayview Loan Servicing, LLC
**Original Promissory Note ("Note"):** 09/03/2010
**Original Principal Balance:** $165,668.00

**Mortgage ("Security Instrument"):** Mortgage securing the Note and creating a lien on certain real property ("Property") owned by Borrower.

**Borrower and Servicer agree to the following:**

1. **New Principal Balance:** $160,000.00 , Including the existing unpaid principal balance of $160,207.85 plus the capitalized unpaid installments, interest, late charges, fees and costs, and if applicable, advances for unpaid property taxes and/or insurance premiums decreased by $207.85. Based on the consideration listed above, and other good and valuable consideration, Servicer agrees to forgive $2,645.48. You will never be required to pay this amount. There may be prior deferment or forgiveness related to this loan or this current Agreement. There could be tax consequences related to this deferment or forgiveness, you are advised to seek guidance from an independent tax professional. If your loan was a daily simple interest loan, once converted the loan will be modified into a standard amortizing loan.
2. **New Monthly Payment:** $868.06 , Including monthly principal and interest payment of $577.77 , plus estimated monthly escrow payment of $290.29 .
3. **New Interest Rate:** 3.054%
4. **New Maturity Date:** 07/01/2059
5. **New Monthly Payments, Payment Adjustments:**

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-5 | 3.054% | 07/01/2019 | $577.77 | $290.29 | $868.06 | 08/01/2019 | 60 |
| 6-40 | 3.215% | 07/01/2024 | $591.29 | Adjust Annually | Adjust Annually | 08/01/2024 | 420 |

Borrower acknowledges that Servicer will establish an impound/escrow account for the collection of property taxes and insurance premiums if such account is not currently in existence. Servicer will analyze the impound/escrow account from time to time. As a result of this analysis, the escrow portion of Borrower's monthly payment may change. Borrower further acknowledges that the escrow portion of his/her monthly payment may be substantially higher than the estimate. (Note: In certain states, impound/escrow accounts do not collect for payment of taxes pertaining to Bond/Special Assessments and Irrigation/Water District).



EQUAL HOUSING LENDER

[redacted]

[redacted]

**No Other Changes:** Except as expressly adjusted by this Agreement, all of the covenants, agreements, stipulations, and conditions in the Note and the Security Instrument remain unmodified and in full force and effect. The Security Instrument continues to secure on a first and prior lien basis the due and punctual payments of the Note, as modified by this Agreement. Borrower is encouraged to review this Agreement with his/her legal advisor prior to signing it, but by signing the below Borrower has voluntarily signed this Agreement.

IN WITNESS WHEREOF, Servicer and Borrower have executed this Loan Adjustment Agreement,

**Borrower:**

By: Date: 6/29/19 ORLANDO PEREZ

**Servicer:**

By: ______________________ Date: __________
Vice President, Bayview Loan Servicing, LLC

Specialized Call Representative
Phone Number: (844) 207-2535
Hours: Monday - Friday 8:00 a.m. - 8:00 p.m., ET
Fax Number: (305) 265-2540
E-mail: scr@bayviewloanservicing.com

## Disclaimers and Notices

**This Agreement does not reaffirm any pre-existing debt to the extent it was previously discharged in a bankruptcy proceeding.**

Bayview Loan Servicing, LLC is a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose. To the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance with non-bankruptcy law and/or informational purposes only. It does not constitute an attempt to collect a debt, to reaffirm a debt, or to impose any personal liability on you. Nothing in this letter (including our use of the words "your," "loan," "mortgage," or "account") means that you're required to repay a debt that's been discharged. If your original obligation was discharged, any payment you make on the account is voluntary, but we still have rights under the security instrument, including the right to foreclose on the property. If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number. Bayview Loan Servicing, LLC., NMLS #2469.

**Confirmed SII Disclaimer:** If you are a confirmed successor in interest of the account, unless you assume the mortgage loan obligation under state law, you are not personally liable for the mortgage debt and cannot be required to use your own assets to pay the mortgage debt.

**The following mailing address must be used for all Error Notices & Information Requests: Bayview Loan Servicing, LLC, Customer Support, 4425 Ponce de Leon Boulevard, 5th Floor, Coral Gables, FL 33146.**

# EXHIBIT 1

BK Filed date: Fay Servicing, LLC
Debtor name: Post Petition Payment Ledger

| Pmt Due/Commen | Amt Due | Date Received | Amt Rec'd | Pmt Satisified | To/From Suspense | Suspense Balance |
|---|---|---|---|---|---|---|
| Begin Suspense | | | | | $ - | |
| | | | | | $ - | $ - |
| 7/1/2026 | $927.12 | | | | $ (927.12) | $ (927.12) |
| 8/1/2026 | $927.12 | | | | $ (927.12) | $ (1,854.24) |
| 9/1/2026 | $927.12 | | | | $ (927.12) | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |

BK Filed date: Fay Servicing, LLC
Debtor name: Post Petition Payment Ledger

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |
| | | | | | $ - | $ (2,781.36) |